448 PEOPLE ex rel. WILSON v. MEDICAL SOCIETY.

Second Department, February Term, 1895. [Vol. 84.

Pratt, J., concurred; Cullen, J., not sitting.

Orders reversed, with ten dollars costs and disbursements.

---

The People of the State of New York ex rel. John P. Wilson, Relator, *v.* The Medical Society of Dutchess County, Respondent.

*Certiorari — action of a medical society in expelling one of its members not reviewable thereby — statutory remedy by appeal.*

The action of a corporation in removing or suspending a member is in one sense judicial, or quasi-judicial, but it cannot be treated as a judgment of a legal tribunal, and cannot be reviewed as such by a writ of certiorari.

Where a person suspended by the medical society of a county is given by statute (Chap. 445 of 1866) an appeal to the medical society of the State, he should invoke such appeal for redress before resorting to the courts for relief.

Certiorari issued out of the Supreme Court and attested on the 21st day of July, 1894, directed to the Medical Society of the county

PEOPLE ex rel. WILSON v. MEDICAL SOCIETY. 449

Hun.]        SECOND DEPARTMENT, FEBRUARY TERM, 1895.

of Dutchess, commanding said society to certify and return to the office of the clerk of the county of Dutchess all its proceedings, decisions and actions in relation to the charges preferred against, and the suspension of, the relator.

*J. F. Barnard,* for the relator.

*Frank B. Lown,* for the respondent.

CULLEN, J. :

This is a certiorari to review the action of the respondent, which suspended the relator from membership for one year.

We are met at the threshold of the case by the objection that certiorari will not lie. The action of a corporation in removing or suspending a member is doubtless in one sense judicial, or quasi-judicial. But we know of no authority for the proposition that the act of expulsion is to be treated as a judgment of a legal tribunal to be reviewed as such by a certiorari. There are many cases where members have been expelled from corporations, but the remedy taken has always been mandamus or action. (Angell & Ames on Corp. § 704; *People ex rel. Deverell* v. *Musical M. P. Union,* 118 N. Y. 101; *Loubat* v. *Le Roy,* 40 Hun, 546.) This is also true of amotion from medical societies. *The People ex rel. Gray* v. *Medical Society of the County of Erie* (24 Barb. 570) and *People ex rel. Bartlett* v. *Medical Society* (32 N. Y. 187) were cases of mandamus. I can find no reported case where certiorari had been issued to review the action of a corporation expelling or suspending a member. The nearest approach to it is an old case (*Groenvelt* v. *Burwell,* 1 Ld. Raym. 454), where it was held that certiorari would lie to review the action of medical censors in disciplining the plaintiff. The censors seem to have been granted some special statutory power, and under it they fined the relator and committed him to jail. That certainly partook of the nature of a legal judgment.

The power of amotion exists in corporations of the character of this respondent. The power must doubtless be exercised according to the by-laws of a corporation and the rules of natural justice, and the grounds for such action must be reasonable and lawful.

The member proceeded against must have a fair hearing. But there is no power in the corporation to take legal testimony, nor are any particular formalities to be observed other than those required by the by-laws of a corporation. Such proceedings can hardly have sufficient semblance of judicial form or present a sufficient record for the courts to review on certiorari.

A further objection to the issuance of the writ is that the relator is given by statute (Chap. 445, Laws 1866) an appeal to the Medical Society of the State of New York. The relator should have invoked such an appeal for redress before resorting to the courts. (*Thomas* v. *Musical M. P. Union*, 121 N. Y. 45.)

The writ should be quashed, with ten dollars costs and disbursements.

PRATT and DYKMAN, JJ., concurred.

Writ of certiorari quashed, with ten dollars costs and disbursements.