(112 App. Div. 442)

RAMSAY v. HAYES, Fire Com'r.

(Supreme Court, Appellate Division, Second Department. April 20, 1906.)

MUNICIPAL CORPORATIONS—FIRE DEPARTMENT—PENSIONS.

> Under New York City Charter, Laws 1901, p. 331, c. 466, § 790, providing that after ten years continuous service in the fire department the amount of annual pension to be allowed shall be one-half the salary of the member at the time of his retirement, or such less sum as the condition of the fund will warrant, the burden is upon the fire commissioner, when he fixes a pension at less than one-half the salary of a retired fireman, to show that the condition of the fund is such as to prevent the allowance of the full amount.
>
> Hooker and Gaynor, JJ., dissenting.

Appeal from Special Term, Kings County.

Action by John Ramsay against Nicholas J. Hayes, as fire commissioner of the city of New York. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

James D. Bell, for appellant.
Charles J. Ryan, for respondent.

RICH, J. This is an appeal from a judgment in favor of the plaintiff, and the facts are as follows: The plaintiff, who had been in the employ of the fire department of the city of Brooklyn and Greater New York for more than 10 years, was retired in March, 1903. The order retiring the plaintiff allowed him $533.33 per annum, whereas plaintiff claims that he was entitled to one-half his salary as pension, or $800 per annum. The plaintiff alleged that the difference between $533.33 and $800 was due him, and the fire commissioner claims it was not. The act set up by the fire commissioner is as follows:

"After ten years active and continuous service in the fire department, the amount of annual pension to be allowed shall be one-half the annual compensation allowed such officers or member as salary at the date of his retirement from the service, or such less sum in proportion to the number of officers and members so retired as the condition of the fund will warrant." Section 790 of the Charter (Laws 1901, p. 331, c. 466).

The fire commissioner claims he had a perfect right to reduce the amount payable to the plaintiff. He also claims that the burden was on the plaintiff to prove that the commissioner was not warranted in paying him the less amount. The real question here then is, on whom is the burden of proof? The defendant claims that the presumption is in his favor; that his acts as an official were correctly and legally done. I believe that the qualifying clause in this statute is in the nature of a proviso and that the principles discussed in Harris v. White, 81 N. Y. 532 and Rowell v. Janvrin, 151 N. Y. 67, 45 N. E. 398, do apply, and that the burden is not upon plaintiff to negative the proviso clause of the statute; that he properly pleaded that portion of the clause under which he claims to maintain his contention; and that, if the commissioner is acting under the proviso, the burden is upon him to allege and prove that the funds were insufficient to meet the demands upon them. Again, the facts were "peculiarly within the knowledge of defendant," and the burden was therefore upon him. Greenleaf on Evidence (15th Ed.), vol. 1, § 79.

The judgment must be affirmed, with costs.

JENKS and MILLER, JJ., concur.

HOOKER, J. (dissenting). This case was tried without a jury, judgment was entered in favor of the plaintiff, and the defendant appeals. The findings of fact are as follows:

"That, on March 14, 1903, plaintiff having served over 10 years in active and continuous service as a member of the uniformed force of the fire department, and being at that time an engineer of steamers in the said fire department, the annual salary attached to which said position was, at said date, at the rate of $1,600 per annum, was retired from all other or further service in said fire department on the certificate of the medical officers thereof that he was totally and permanently disabled for the performance of duties, and that such liability was not caused in or induced by the actual performance of the duties of his position, on a pension, as fixed by the commissioner of the department of fire as trustee of the New York fire department relief fund, of one-third of his pay or salary at the time of his said retirement, to wit, at the sum of $533.33 per annum. That plaintiff's disability occurred after 10 years' active and continuous service in the fire department, and having then been retired, he was entitled to the pension fixed by the charter (section 790), viz., one-half of his compensation at the time of such retirement. That from March 14, 1903, to June 1, 1904, being for a period of 1 year 2½ months, there was lawfully due to plaintiff from defendant, as trustee of the said relief fund, at the rate of $800 per annum pension, the sum of $966.65, as stated in the complaint herein; but that the said defendant has paid to the plaintiff the sum of $644.45 only, leaving a balance due to plaintiff from said defendant as trustee up to June 1, 1904, amounting to the sum of $322.20, as stated in the complaint."

Section 790 of the charter of the city of New York (Laws 1901, p. 331, c. 466), provides that:

"In case of total permanent disability, at any time, caused in or induced by the actual performance of the duties of his position, or which may occur after ten years' active and continuous service in the said fire department, the amount of annual pension to be allowed shall be one-half of the annual compensation allowed such officer or member as salary at the date of his retirement from the service, or such less sum in proportion to the number of officers and members so retired as the condition of the fund will warrant."

No evidence was offered on the part of either party as to the condition of the pension fund, and it will be seen from the facts and from this section 790 that the sole question in this case is upon whom does the burden of proof rest to show the condition of the fund. If this burden is with the plaintiff, then the judgment is wrong; for it nowhere appears that the condition of the fund is such as to warrant the payment of the full one-half of the annual compensation he had been allowed. On the other hand, if it lies with the defendant to show this, the judgment is right; for the defendant has not shown that the plaintiff has been awarded by him a sum of less than half the annual compensation because of consideration of the proportion of the number of officers and members retired and the condition of the fund. The plaintiff seeks to have us hold that the words in the statute, "or such less sum in proportion to the number of officers and members so retired as the condition of the fund will warrant," form a proviso in and not an exception to the other provisions of the section. Then he would have us invoke the rule that:

"Where an exception is incorporated in the body of the clause of the statute, he who pleads the clause ought to plead the exception. But when there is a clause for the benefit of the pleader, and afterwards follows a proviso which is against him, he may plead the clause, and leave it to his adversary to show the proviso." Harris v. White, 81 N. Y. 532, 546.

It is doubtless true, as he urges, that:

"An exception exempts something absolutely from the operations of the statute by express words in the enacting clause. A proviso defeats its operation conditionally. An exception takes something out of the statute that otherwise would be part of the subject-matter of it. A proviso avoids them by way of proviso or excuse."

There is nothing, however, in the language of the statute, which points to a legislative intent to treat this clause either as an exception or proviso, and we do not believe it to be necessary to decide that it is either, and, if either, which one. The clause is part of a more or less elaborate scheme in relation to many phases of the fireman's pension fund which have been enacted out of charitable consideration for the benefit of those who may be injured by reason of their engagement in a necessary and sometimes heroic occupation, and those who have become incapacitated after serving in that occupation for a long time, together with their dependents. The administration of the fund and management of the affairs connected therewith are vested in the fire commissioner, who also occupies the position of the actual and virtual head of the fire department of the city. The act of the defendant fire commissioner as trustee of the pension fund must be, we think, at least until the contrary is shown, presumed to have been done with honesty and discretion, when he allowed the plaintiff but one-third, instead of one-half, of his former salary as a pension, and that this act on his part was done out of consideration of the condition of the pension fund and the number of officers and members retired. It is said in Wood v. Terry, 4 Lans. 80, 84:

"The law presumes the due performance of official duty; and this presumption must be overcome before the court can declare the proceedings void. When an officer or party is in the attitude of asserting rights founded on official acts, and when due performance is essential to the right, due perform-

ance must be proved, and cannot be presumed. * * * But when a party asserts a right based on the illegality or irregularity of the proceedings of a court or public officer, the onus is on him to prove the defects; otherwise, the presumption prevails."

Broom, in commenting upon the maxim, "Omnia præsumuntur rite et solemniter esse acta," says:

"Again, where acts are of an official nature, or require the concurrence of official persons, a presumption arises in favor of their due execution; * * * that a man, acting in a public capacity, was properly appointed and is duly authorized so to do; that, in the absence of proof to the contrary, credit should be given to public officers who have acted prima facie, within the limits of their authority, for having done so with honesty and discretion." Broom's Legal Maxims, 944.

In Bank of the United States v. Dandridge, 12 Wheat. (U. S.) 64, 69, 6 L. Ed. 552, it was stated that the law "presumes that every man, in his private and official character, does his duty, until the contrary is proved. It will presume that all things are rightly done, unless the circumstances of the case overturn this presumption, according to the maxim, 'omnia præsumuntur rite,' " etc.

Considerations of expediency should not entirely be disregarded. The force of firemen and officers in the city of New York is composed of many scores of men, who are being from time to time retired and placed upon the pension list. It is doubtless true that sometimes it may be necessary to award retiring members of the force less than the limit the law would allow them if the pension fund were in its most flourishing condition. To adopt a rule other than that we have announced should govern would permit suits to be brought by these retired members against the fire commissioner which would result in judgments against him for the full amount possible to be allowed by statute, unless in all of such cases he met the burden sought to be imposed upon him by the plaintiff in this case: First, of showing, among other things, the condition of the fund, the number of firemen, the amounts which had been and were likely to be derived from the various sources which supplied the fund, the number of men who had served for a considerable length of time, together with the exact service many of them rendered, and the number of probable retirements as near as he could estimate it within a reasonable time after the showing; and, secondly, of satisfying the court that upon all these considerations he had exercised a wise discretion and that the conditions of the fund did not warrant an award of the full amount which might be allowed by statute. To impose this burden upon the trustee of this fund is more than we can believe the Legislature intended. In a case of this sort, if the plaintiff is not content with the allowance made to him, but claims the maximum which might be allowed under the statute, the burden should be upon him to show that the condition of the fund would warrant his claim.

The judgment, therefore, should be reversed, and a new trial granted.

GAYNOR, J. (dissenting). Section 789 of the charter of the city of New York (Laws 1901, p. 326, c. 466) provides for a pension fund for the fire department, and prescribes the revenues from various sources which shall feed it. It makes the fire commissioner the trus-

tee of it, and directs him to invest and husband it. Its capacity is
limited to the said revenues, and the pensions have necessarily to be
scaled down to keep within it. Section 790 prescribes who are to get
pensions, and how the amounts thereof are to be fixed. It requires the
fire commissioner to fix the amount in every case. To take the plain-
tiff's case (and they are all governed in the same way), it provides
that in the case of members of the department retired after ten years
active and continuous service "the amount of annual pension to be
allowed shall be one half of the annual compensation allowed such of-
ficer or member as salary at the date of his retirement from the serv-
ice, or such less sum in proportion to the number of officers and mem-
bers so retired as the condition of the fund will warrant." It also
gives the commissioner power to retire any officer or member, and
requires him on doing so to determine the amount of the pension.

It seems plain from this that the retired officer or member is not
entitled to draw his pension until the commissioner has computed it
and fixed it according to the condition of the fund. If the fund war-
ranted it in the plaintiff's case, the commissioner's duty was to fix
his pension at one-half of the salary he had been receiving from the
city, viz., at the sum of $800, but if the fund could not pay that sum, then
he had to fix it at the best sum the fund could pay. It follows that if
he refused to fix it, the plaintiff would have to compel him to per-
form that duty before he could maintain an action to collect it; and if
he fixed it unlawfully the plaintiff could compel him to do it lawfully;
but the plaintiff could not maintain an action to recover a sum over and
above that fixed by the commissioner, as he is trying to do here.

This case was tried on the pleadings. They did not show the con-
dition of the fund; but the complaint does allege that the commissioner
fixed the pension at $533.33 a year, and prays judgment for the dif-
ference between that and $800 a year. It is claimed that the burden
was on the defendant commissioner to show that he had done his
official duty properly and lawfully in fixing the amount of the pension.
I do not see how that can be so. If the plaintiff could maintain the
action at all, it would be for him to show that the sum which the com-
plaint alleges was fixed by the commissioner was less than the sum
which should have been fixed. The presumption is that the commis-
sioner did his duty.

There is a very rare exception to the rule that the plaintiff must
prove the allegations of the complaint, that a negative has not always
to be proved by a plaintiff, as in an action to recover a penalty for
selling liquors without a license, where the burden is on the defendant
to show a license; but that is because all sales are presumptively il-
legal, for the reason that they are prohibited without a license, and it
it therefore for the defendant to justify the sale; but the exception has
no application here. The defendant was under no legal prohibition; on
the contrary, he had to fix the amount of the pension. Nor do such
cases as Harris v. White, 81 N. Y. 532, apply. The principle there
discussed is not involved here at all. The exception of the affirmative
being on the defendant where the evidence is "peculiarly" within his
knowledge is only part and parcel of the exception already mentioned,

and limited to the class of cases already referred to. Gr. on Ev. § 79. Moreover, the statistics with regard to the said fund are open to every one.

The judgment should be reversed.