RAMSAY v. LANTRY, Fire Com'r, etc.

(Supreme Court, Appellate Division, Second Department. December 23, 1907.)

MANDAMUS—MUNICIPAL FIRE DEPARTMENT—PENSIONS — FIXING AT WRONG AMOUNT—CORRECTION—LACHES.

    A person who, upon retirement from the fire department of the city of New York, has his pension fixed at a sum less than he is entitled to in law, is not barred by laches because his application to compel the commissioner to fix it at the proper amount is not brought promptly after the amount was fixed, since the rule that a person dismissed from an office, if he wishes to be reinstated, must apply promptly, does not apply.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Mandamus, § 285.]

Appeal from Special Term, Kings County.

Application for a writ of mandamus by John Ramsay against Francis J. Lantry, as commissioner of the fire department of the city of New York, etc. From a final order granting a peremptory writ, respondent appeals. Affirmed.

Argued before WOODWARD, JENKS, RICH, MILLER, and GAYNOR, JJ.

James D. Bell (James W. Covert, on the brief), for appellant. ·
Charles J. Ryan, for respondent.

GAYNOR, J. When the respondent was retired from the fire department of the city of New York his pension in the fire department pension fund was fixed at $533.33 by the fire commissioner. It was the statute duty of such commissioner to fix such pension at one-half the

salary the respondent was receiving at the time of his retirement, or at "such less sum in proportion to the number of officers and members so retired as the condition of the fund will warrant." Claiming that his pension should have been fixed at $800 (for his salary was $1,600 at the time of his retirement) the respondent brought an action to recover the difference for the first year between $800 and the sum allowed him. He was retired on March 14, 1903, and commenced the said action on December 2, 1904. He failed in his action because his remedy was by mandamus to correct the error of the fire commissioner. Ramsey v. Hayes, 112 App. Div. 442, 98 N. Y. Supp. 394; 187 N. Y. 367, 80 N. E. 193. Thereupon he applied for a writ of mandamus to require his pension to be fixed at $800, alleging facts showing that the state of the pension fund allowed him that amount, and the order granting a peremptory writ is here appealed from. The contention is that the application should have been denied for laches. It seems extraordinary that such an objection should be taken when it is not disputed that the condition of the pension fund was such that the respondent was entitled to have his pension fixed at $800. Such a course in private affairs could scarcely be deemed honorable. The rule of laches declared by the courts in respect of applications to be reinstated in an office or place (People v. Justices, 78 Hun, 334, 29 N. Y. Supp. 157; People v. Keating, 49 App. Div. 123, 63 N. Y. Supp. 71; People v. Sturgis, 82 App. Div. 580, 81 N. Y. Supp. 816) has no application to this case. In such cases it is fair and meet that the person dismissed apply promptly for reinstatement, and not wait until another has become seasoned to his place, or the condition of the department has become adjusted to his absence. But here the respondent asked only for what in law and honesty he was entitled to, and the granting of which could injure no one.

The order should be affirmed.

Order affirmed, with costs. All concur.