ANDREW J. KEHOE, as President of Local Union No. 1 of the United Association of Plumbers and Gas Fitters, Steam Fitters, Steam Fitters' Helpers of the United States and Canada, Sprinklers and Sprinkler Fitters' Helpers, Respondent, *v.* EDWARD W. LEONARD and Others, Appellants.

Second Department, February 21, 1917.

Associations — suspension of members and local branch of labor union — arbitrary suspension without giving members opportunity to be heard in their own defense — injunction restraining suspension — power of labor organization to suspend members stated — parties.

Where Local Union No. 1 of the United Association of Plumbers and Gas Fitters, which is a subordinate branch of the United Association of Plumbers and Steam Fitters of the United States and Canada, has by vote sustained the action of its local business agent against charges made against him by a president of the main association, the latter association has no power to suspend said business agent without a trial or to suspend the local union itself for its refusal to recognize the validity of the suspension of its agent, with the result that all the members of the local union are deprived of their standing in the organization and their rights to sick, death and strike benefits. Such suspension of the local union may be restrained by injunction.

The members of such local union cannot be suspended and deprived of their rights without having been given an opportunity to be heard in their own defense.

But the injunction restraining such suspension should not restrain the defendant "forever," which word should be stricken out, and the judgment should also provide that nothing therein contained shall take away or be deemed to deny the authority of the United Association or its officers or executive boards to proceed on appeal, consider or review charges against any member or official of the local union where such charges have first been presented to the persons or officials so charged and they have been given an opportunity to be heard and to offer testimony in defense or explanation.

Such suit for an injunction does not fail because the president of the local association, who instituted the suit, has resigned, if another president has been elected and has been substituted as plaintiff in the suit under the authority of section 1920 of the Code of Civil Procedure.

APPEAL by the defendants, Edward W. Leonard and others, from a judgment of the Supreme Court in favor of the plain-

tiff, entered in the office of the clerk of the county of Kings on the 24th day of April, 1916, upon a decision of the court after a trial at the Kings County Special Term.

The judgment granted a permanent injunction against the defendants, ordering them to recognize plaintiff as a member in good standing in the defendant United Association, and also forever enjoined them and each of them from in any way interfering with the property of Local Union No. 1 or its official records.

On account of early difficulties in-drawing the line between the rival spheres of work by plumbers and steamfitters, the United Association of Plumbers and Steamfitters of the United States and Canada was organized in 1889, to include all branches of the pipe-fitting industry. It is affiliated with the American Federation of Labor. Like other labor organizations, it is made up of local unions, which are represented by delegates meeting in convention. The officers of the United Association are the general president, fourteen vice-presidents, secretary, treasurer and nine general organizers. The fourteen vice-presidents form an executive board.

A local union wishing to call a strike has first to make application to the general executive board for their approval or disapproval (section 159), whose decision controls, except that within fifteen days the local union can appeal to a general vote of all the local unions (section 164). It would appear that expulsions in the first instance are to be by the member's local union (section 68), subject to review by the executive board. In case the board establish a precedent in such matters, the same may thenceforth be referred for decision by the president, subject to appeal to the executive board (section 18).

Local Union No. 1 has been affiliated with the United Association since 1906. It is composed of plumbers and gasfitters residing in Brooklyn, and pursuing their calling in the city of New York. The members pay as monthly dues one dollar and thirty cents. To maintain this central body the local unions pay into the general treasury of the United Association forty per cent of all their local membership dues. Local Union No. 1 has a working agreement with the Master Plumbers Association.

In November, 1914, an agreement was proposed between

Local Union No. 1 and the Steam Fitters and Helpers Local Unions Nos. 638 and 639 of New York city. Mr. Arthur J. Dunne of Brooklyn, by trade a plumber, was the " business agent" of Local Union No. 1. He was against some of the proposed terms. As President Alpine had come to Philadelphia to attend the convention of the American Federation of Labor there with defendant Leonard, one of the " general organizers," Mr. Dunne was asked to meet with them in Philadelphia. Mr. Dunne came and conferred with these officials on the nineteenth and twentieth of November. What happened in these interviews is in grave conflict. Mr. Alpine charged that Mr. Dunne mentioned $2,000 or $2,500 as the terms of his assent, which Mr. Alpine refused. Mr. Dunne denied this.

On Saturday, November twenty-eighth, Mr. Alpine came to Brooklyn and visited the rooms of Local Union No. 1, and attended an officers' meeting there. At a meeting of Local Union No. 1, held on December seventh, Mr. Alpine made his verbal charges or statements against Mr. Dunne, followed by a speech from defendant Leonard. Mr. Dunne also was heard in denial. After these speeches, the members present, said to be over 200, voted solidly to sustain Mr. Dunne. Mr. Alpine, however, formulated these charges in an affidavit made on December tenth, confirmed by Mr. Leonard's affidavit of December eleventh. Mr. Alpine at once acted on these charges; suspended Mr. Dunne, and then referred his action for confirmation to the dispersed members of the executive board. The procedure apparently was to number this communication as " 549," which was circulated with other executive matters among all the executive board, accompanied by a letter of December twenty-third. The members of the board, or a majority, returned their approval. Mr. McKee, the fifth vice-president, answered: " Approve of action of Pres. (if has such authority)."

Notice of this suspension had been sent to Mr. Dunne, with copy of the affidavits. Local Union No. 1 was notified and required to take steps to put this ruling into immediate effect, with notice that such members as refused to aid in carrying out this order would render themselves liable to suspension.

As the local union did not accept this suspension, on Janu-

ary 5, 1915, Mr. Alpine notified its president that Local Union No. 1 stands suspended for failure to carry out the orders of the general office of the United Association, with the announcement that defendant Leonard as general organizer would proceed to reorganize this union in Brooklyn, to whom all properties of the former unions were to be delivered.

On January fifth, Local Union No. 1 began this suit to restrain defendants from suspending that local union, suing in the name of Mr. James A. Murphy, who was then the president. The case came to trial on September 27, 1915, and resulted in an injunction forever restraining defendants from proceeding under the orders of suspension so pronounced by defendants, or in any way depriving plaintiff's organization or its members of their rights in the United Association, or from interfering with the property of Local Union No. 1.

*Frank X. Sullivan,* for the appellants.

*Louis B. Boudin* [*Mark Goldberg* with him on the brief], for the respondent.

PUTNAM, J.:

Clearly a local union could not be suspended, and its members deprived of their standing and right to sick, death and strike benefits, with all other membership rights, through the fiat of defendant Alpine, acting as general president. (*Williamson* v. *Randolph,* 48 Misc. Rep. 96; *People ex rel. Holmstrom* v. *Independent Dock Builders' Benevolent Union,* 164 App. Div. 267.) This attempted exercise of power, however, is not to be characterized as a "conspiracy," as the findings now read. Instead, it is an instance of an attempt to suspend an official as "business agent," without affording him an opportunity to be heard in his defense before a body lawfully constituted to pass on the merits of his case. Upon the federation principle of this organization suspension or expulsion of members is first to be dealt with in the local union, subject to review on appeal to the executive board.

Appellants have urged that by the vacancy of the office of president of the Local Union No. 1, by resignation of Mr.

Murphy as president, the suit fell. This, however, was remedied in the course of the hearing, inasmuch as before decree the court substituted Mr. Kehoe as plaintiff on finding that pending these proceedings he had been duly elected president of this unincorporated association. This was in accord with section 1920 of the Code of Civil Procedure.

The injunction, however, is too broad. The term " forever " should be stricken out. The findings numbered XIII and XIV should be modified so as to state the facts, rather than to characterize the defendants' motives and purposes. Instead of those as made below they should read:

" XIII. In November, 1914, at an interview in Philadelphia, defendant Alpine requested Mr. Arthur J. Dunne, the business agent of plaintiff, to consent to a certain proposed agreement between Local Union No. 1 and The Steam Fitters and Helpers' Local Unions Nos. 638 and 639 of New York City. Subsequently defendants Alpine and Leonard, at a meeting of Local Union No. 1, held December 7th, 1914, verbally charged said Dunne with asking money as an inducement to his consent. This was denied by Mr. Dunne at this meeting. The members by a rising vote sustained Mr. Dunne.

" XIV. Mr. Alpine, as General President, without any appeal being taken, however, formulated charges by his affidavit made December 10th, accompanied by Mr. Leonard's affidavit of December 11th, whereupon in his capacity of General President he proceeded to inform Mr. Dunne that he was suspended, upon the charges of which he sent a copy. Mimeographed copies of same, with the President's statement of the matter, were then sent out by mail to the fourteen members of the Executive Board, the majority of whom returned by letter or telegram to the President their approval of his action. A notification was also sent requiring Local Union No. 1 to put this ruling into immediate effect. Later, on January 5th, 1915, Mr. Alpine, as such General President, notified the Local Union No. 1 that it was suspended for its failure to carry out such orders of the United Association."

A conclusion of law should be inserted:

" That such attempted suspension of Local Union No. 1 and of Arthur J. Dunne was void and ineffective, because beyond

the power and authority of the defendants, especially as it was action taken without granting to the persons charged an opportunity to be heard in their defense."

The gravity of the charge, out of which these proceedings grew, however, is such that it should not remain where it is now left by this decree. I advise that there be inserted in the conclusions of law and the judgment this precautionary clause: "That nothing herein shall take away or be considered as denying any right, authority or power of the United Association, or its officers or Executive Board, to proceed on appeal to consider or to review charges against any member or official of a local union where such charges have been first presented to the persons or officials so charged, and such accused persons have had an opportunity to be heard, and to offer testimony in defense or in explanation thereof."

As thus modified the judgment should be affirmed, without costs on this appeal to either party.

JENKS, P. J., THOMAS, MILLS and RICH, JJ., concurred.

Judgment modified in accordance with opinion and as so modified affirmed, without costs on this appeal to either party. Order to be settled on notice.