DAVID SIMONS, Appellant, *v.* GEORGE L. BERRY, as President of the International Printing Pressmen's and Assistants' Union. of North America, Respondent.

**Associations — labor unions — when equity will enjoin denial to member of privileges of membership — complaint alleging that plaintiff has been denied privileges of membership though never legally expelled states cause of action in absence of remedy within association.**

1. Equity will enjoin the denial to a member of an unincorporated association of the privileges of membership where the denial, if continued, will work irreparable injury.

2. A complaint that alleges that plaintiff was a member in good standing of the defendant's union, an unincorporated association, and subject to expulsion only upon written charges, and after a hearing upon notice; that no charges have been made against him, and no hearing has been given, but that none the less defendant's officers have notified the other members to refuse to work with him ·on the ground that he has ceased to be a member, and in so doing have made it impossible for him to find employment in his trade, states a cause of action for equitable relief in the absence of anything to show a provision in the constitution or by-laws whereby plaintiff has a remedy by appeal to any organ within the association.

*Simons* v. *Berry*, 211 App. Div. 704, reversed.

(Submitted June 2, 1925; decided July 15, 1925.) ·

APPEAL from a judgment, entered February 9, 1925, upon an order of the Appellate Division of the Supreme

Court in the first judicial department, which reversed an order of Special Term denying defendant's motion for judgment on the pleadings and granted said motion.

*A. Spencer Field* for appellant. Pleadings should be liberally construed. (*Skolny* v. *Hillman*, 114 Misc. Rep. 571; *Sultan* v. *Star Co., Inc.*, 106 Misc. Rep. 43; *Lawrence* v. *Law*, 172 N. Y. Supp. 146; *Lowe* v. *Swartwout*, 171 App. Div. 725; *Abbey* v. *Wheeler*, 170 N. Y. 122; *Mitchell* v. *Thomas*, 134 N. Y. 536; *Gellespie* v. *Montgomery*, 93 App. Div. 403; *Hotel Register Co.* v. *Osborne*, 84 App. Div. 307; *Squiers* v. *Thompson*, 73 App. Div. 552; *Mester* v. *Scilliere*, 50 App. Div. 239; *Middleton* v. *Ames*, 37 App. Div. 510; *Wetmore* v. *Porter*, 92 N. Y. 76.) The complaint states a cause of action. (*Powers* v. *Universal Film Co.*, 162 App. Div. 806; *Murtha* v. *Curley*, 90 N. Y. 372; *Troy Automobile Exchange* v. *Home Ins. Co.*, 221 N. Y. 58; *Velsor* v. *Freeman*, 118 Misc. Rep. 276; *Marie* v. *Garrison*, 83 N. Y. 144; *Kain* v. *Larkin*, 141 N. Y. 144; *Abbott* v. *Easton*, 195 N. Y. 372; *Sanders* v. *Soutter*, 126 N. Y. 193; *Herbert* v. *Duryea*, 87 Hun, 288; *Ketchum* v. *Van Dusen*, 11 App. Div. 332.)

*Joseph Fischer* and *Leo J. Rosett* for respondent. The complaint does not state facts showing a wrongful expulsion. (*Simons* v. *Berry*, 211 App. Div. 704.)

CARDOZO, J. From the inartificial and indefinite allegations of the complaint, we think these facts are to be gathered in obedience to the rule that exacts a liberal construction: Plaintiff was a member in good standing of the defendant's union, an unincorporated association, and subject to expulsion only upon written charges, and after a hearing upon notice. No charges have been made against him, and no hearing has been given. None the less, the defendant's officers have notified the other members to refuse to work with him on the ground that he has ceased to be a member, and in so doing have made

it impossible for him to find employment in his trade. The charge in brief is that he has been denied the privileges of membership though never legally expelled.

A cause of action is here stated for equitable relief. So far as the complaint shows, there is no provision in the constitution or the by-laws whereby plaintiff has a remedy by appeal to any organ within the association (*Soubat* v. *LeRoy*, 40 Hun, 546, 549).   Equity will enjoin the denial to a member of the privileges of membership where the denial, if continued, will work irreparable injury.

The judgment of the Appellate Division should be reversed, and the order of the Special Term affirmed, with costs in the Appellate Division and in this court.

HISCOCK, Ch. J., POUND, McLAUGHLIN and CRANE, JJ., concur; ANDREWS and LEHMAN, JJ., dissent.

Judgment reversed, etc.