In the Matter of the Application of FRANCIS PRATT, Petitioner, for an Order of Certiorari against WALTER RUDISULE and Others, Constituting the Trial Board of Bakery Drivers' Union No. 264, and WILLIAM R. WALSH and Others, Constituting the Buffalo Joint Council, Respondents.

Fourth Department, December 23, 1936.

306

*George B. Doyle,* for the petitioner.

*George W. Davis,* for the respondents.

Lewis, J. The petitioner is a member of Bakery Drivers' Union No. 264 of the Brotherhood of Teamsters, Chauffeurs, Stablemen and Helpers of America. He seeks by certiorari to review the determination of a trial board of the local union and its appellate body, termed the joint council, by which he has been found guilty of violating certain provisions of the constitution of the parent organization. That constitution clearly defines procedure by which charges against a member may be preferred. It requires that notice thereof be given in a prescribed manner; it makes provision for a hearing by a trial board chosen from within the membership and gives the right of appeal to an appellate body created within the parent organization for that purpose.

The petitioner's membership in the local union is a status burdened with conditions. It does not import rights and privileges alone; there are inherent obligations. Whatever rights and privileges are accorded him by the union are derived from its constitution which also defines procedure by which his membership may be

terminated. His acceptance of benefits which his membership affords gives rise to an implied agreement on his part to abide by the constitution and by-laws of the organization. (*Matter of Haebler* v. *N. Y. Produce Exchange,* 149 N. Y. 414, 427; *Belton* v. *Hatch,* 109 id. 593, 597.) That agreement prescribes the terms upon which his membership may be enjoyed and defines those conditions which will entail its loss. (*Polin* v. *Kaplan,* 257 N. Y. 277, 281, 282.)

The character of the charges preferred against the petitioner are unimportant here. It is sufficient to say that they allege acts in violation of the constitution and by-laws which, if proved, constitute cause for reprimand, fine, suspension or expulsion. The remedy afforded by certiorari is not available to petitioner as a means of reviewing the decision by which he claims to be aggrieved, because the determination by the trial board of the union and the joint council — both of which function within the organization — cannot be treated as a judgment of a legal tribunal. (*People ex rel. Wilson* v. *Medical Society,* 84 Hun, 448, 449. See, also, Carmody's New York Practice, vol. 10, p. 276, § 272.)

If the trial of these charges, following proper notice to the petitioner, was had before the trial board and an appeal was heard by the appellate body created for that purpose by the constitution of the union, and such proceedings were conducted regularly, with proper regard for petitioner's legal rights, the determination thus made cannot be reviewed upon the merits by a legally constituted court. (*Polin* v. *Kaplan, supra,* p. 282; *Wilcox* v. *Royal Arcanum,* 210 N. Y. 370, 376; *People ex rel. Johnson* v. *N. Y. Produce Exchange,* 149 id. 401, 409, 410; *Young* v. *Eames,* 78 App. Div. 229, 241; affd., 181 N. Y. 542; *Havens* v. *King,* 221 App. Div. 475, 480; affd., 250 N. Y. 617; *People ex rel. Holmstrom* v. *I. D. B. B. Union,* 164 App. Div. 267, 270; *Rubens* v. *Weber,* 237 id. 15, 19.)

If, on the contrary, the proceedings within the union, which led up to the determination by which the petitioner now claims to be aggrieved, were so irregular as to deprive him of his legal rights; and if the punishment to be imposed upon him as a result of such determination deprives him of property rights or causes him irreparable injury, there are appropriate equitable remedies which will afford him adequate relief. (*Blek* v. *Wilson,* 262 N. Y. 253, 255; *Polin* v. *Kaplan, supra,* p. 282; *Simons* v. *Berry,* 240 N. Y. 463; *Shapiro* v. *Gehlman,* 244 App. Div. 238; modfd., 269 N. Y. 517; *Gersh* v. *Ross,* 238 App. Div. 552, 553; *Rodier* v. *Huddell,* 232 id. 531, 532, 533; *People ex rel. Holmstrom* v. *I. D. B. B. Union, supra,* pp. 270, 271; *Corregan* v. *Hay,* 94 App. Div. 71; *People ex rel.*

*Deverell* v. *Musical Mut. Protective Union*, 118 N. Y. 101; *People ex rel. Solomon* v. *Brotherhood of Painters*, 169 App. Div. 595; revd. on other grounds, 218 N. Y. 115.)

The certiorari proceeding should be dismissed on the law, with costs.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and LEWIS, JJ.

Certiorari proceeding dismissed, with costs.