In the Matter of the Application of FILOMENA MALOSSI, Petitioner, for an Order, under Article 78 of the Civil Practice Act, against JOHN J. McELLIGOTT, as Fire Commissioner of the City of New York and as Trustee of the New York Fire Department Relief Fund, Respondent.

Supreme Court, Special Term, New York County, January 11, 1938.

*Field & Field*, for the petitioner.

*Paul Windels, Corporation Counsel [Seymour B. Quel* of counsel], for the respondent.

McLAUGHLIN (CHARLES B.), J.   The petitioner has commenced this proceeding under article 78 of the Civil Practice Act.   She is the widow of a fireman and she seeks to compel the fire commissioner to grant her an annual pension not to exceed one-half of her deceased

husband's salary. The latter died on January 17, 1934. It would appear from the petition that the claim is made that the commissioner on July 25, 1934, not only declined to entertain the petitioner's application but also failed to take any proof of the circumstances of the decedent's injury and death and that such action was arbitrary. The petitioner relies upon section 791 of the Greater New York Charter.

The city has not answered the petition but has moved to dismiss it. The court, therefore, cannot consider anything except the questions of law raised by the motion to dismiss. The determination on the merits must await the answer of the city. (See disposition on on companion motion No. 27 of Dec. 24, 1937.)

It will be noticed that the order to show cause in this matter was signed on November 29, 1937, practically three and one-half years after the determination complained of. This would ordinarily be laches and in addition to that claim the city urges that the comparatively new section 1286 of the Civil Practice Act (added by Laws of 1937, chap. 526) bars the claim by virtue of its four months' Statute of Limitations.

This court cannot agree with either claim. Prior to the adoption of section 1286 of the Civil Practice Act, the doctrine of laches apparently had no application to a motion of the present character. (*Matter of Ramsey* v. *Lantry,* 123 App. Div. 71; *People ex rel. Jennings* v. *Johnson,* 161 id. 625, 628, 629.) In *Matter of Ramsey* v. *Lantry* (*supra*) Mr. Justice GAYNOR, writing for the court, said (p. 72): " The rule of laches declared by the courts in respect of applications to be reinstated in an office or place  *  *  *  has no application to this case. In such cases it is fair and meet that the person dismissed apply promptly for reinstatement, and not wait until another has become seasoned to his place, or the condition of the department has become adjusted to his absence. But here the respondent asked only for what in law and honesty he was entitled to, and the granting of which could injure no one,"

The existence of these authorities seems to explain the failure of the corporation counsel to set up a defense of laches in *Matter of Flood* v. *McElligott* (249 App. Div. 608) where the petitioner delayed for two years and four months after her husband's death before commencing a mandamus proceeding for a pension and nevertheless succeeded in obtaining an order of mandamus.

The enactment of section 1286 of the Civil Practice Act did not affect the rights of the present petitioner, since that section does not contain any provisions giving those possessing rights at the time of its taking effect a reasonable period within which to prosecute their claims. It is well settled that it is not sufficient that an act affords

a reasonable interval between its passage or becoming a law and its taking effect. (*Gilbert* v. *Ackerman*, 159 N. Y. 118; *People* v. *Cohen*, 245 id. 419, 421.)

The motion to dismiss the petition as a matter of law on the ground that the proceeding was not commenced within the time prescribed by section 1286 of the Civil Practice Act is accordingly denied, with permission to answer within ten days from the service of a copy of this order, with notice of entry. (See Civ. Prac. Act, § 1293.)