At,-myth W. Lytle, J.
As the title suggests, this is an application under article 78 of the Civil Practice Act for a review of certain acts of the respondents, for reinstatement of the petitioner to membership in what is colloquially known as the Teamsters Union, the fixing of damages to the petitioner by reason of his alleged wrongful expulsion from such union, and for such further relief as may be warranted.
Instead of serving and filing an answer as provided by section 1291 of the Civil Practice Act, the respondents have adopted the alternative procedure of moving for an order dismissing the petition as permitted by section 1293. It is such attack upon the proceeding that is before the court for consideration. (Matter of Liebman v. Van Denburg, 168 Misc. 155, 158.)
By the petition and the respondents’ motion addressed thereto are raised questions as to the jurisdiction of the court to entertain the proceeding at all, and as to the sufficiency of the petition itself. The respondents challenge the applicability of the provisions of article 78 aforesaid to a ruling of the governing power of a voluntary unincorporated association. They cite People ex rel. Solomon v. Brotherhood of Painters, Decorators & Paperhangers of America (218 N. Y. 115), wherein an application for a writ of mandamus was denied. *455 The writ was sought against the brotherhood, the local union and the council of the local. The brotherhood was a foreign corporation not authorized to do business within this State; the local and its council were both voluntary unincorporated associations. The denial of the writ as to the brotherhood was based upon its status as a foreign corporation; the reason for the dismissal as to the local and its council was the failure of the relator to allege and prove liability of all members thereof for damages. In discussing the dismissal as to the brotherhood, the court stated (p. 122): “No hardship or injustice results to the relator by adhering to the established rules governing the remedy by mandamus. If the relator has been improperly expelled he may by an action be reinstated in his membership in the local union, and restoration to membership in the local union operates to confer upon him all the rights and privileges which the members of that union possess in the district council and in the Brotherhood.”
It is true that the courts are loath to review the internal operations, pronouncements and decisions of private bodies and associations. Such attitude on the part of the courts is well illustrated in Matter of Pratt v. Rudisule (249 App. Div. 305) which was an application to review by certiorari the expulsion of the petitioner from the Teamsters Union. However, there seems to be little doubt of the power, and that means the jurisdiction, of the courts to examine acts of this character. Such acts will be examined for regularity or irregularity and for their conformance or nonconformance with the provisions and requirements pursuant to which they are purported to have been done. (Polin v. Kaplan, 257 N. Y. 277; Blek v. Wilson, 262 N. Y. 253; Nilan v. Colleran, 283 N. Y. 84.) For an excellent discussion of the older decisions, see Williamson v. Randolph (48 Misc. 86).
With the enactment of new article 78 (L. 1937, ch. 526), the old distinctions between certiorari, mandamus and prohibition were, for all practical purposes, swept away. The finely drawn technical distinctions and the resultant variations in procedural requirements, which had so long harried the legal practitioners, departed. Decisions like Matter of Pratt v. Rudisule (supra) are no longer an impediment. The power of the court to entertain this proceeding was inherited, you might say, by article 78, not from certiorari, but from mandamus. (People ex rel. Holmstrom v. Independent Dock Bldrs.' Benevolent Union of Greater N. Y., 164 App. Div. 267.)
The respondents’ motion is the equivalent of a demurrer (Matter of Whaley v. Perkins, 231 App. Div. 502, 505) and in *456 passing upon such motion, the court must take all the allegations of the petition as true. Enough is charged in the petition to entitle the petitioner to relief. (Shapiro v. Gehlman, 244 App. Div. 238, mod. sub nom. Shapiro v. Brennan, 269 N. Y. 517.) The respondents’ motion is denied.
The review to be had is to be as to matters other than those set forth in subdivisions 6 and 7 of section 1296 of the Civil Practice Act; therefore the respondents should make answer to the Special Term. Ten days will be allowed for this purpose; such period of time has been recognized as proper. (Matter of Malossi v. McElligott, 166 Misc. 513, 515.)
Prepare and submit an order accordingly.