In the Matter of the Application of JOHN R. HILLERY, Appellant, for a Writ of Mandamus, v. THE PEDIC SOCIETY OF THE STATE OF NEW YORK, Respondent.

First Department, December 5, 1919.

Corporation — election of negro to membership in pedic society pursuant to by-laws — rights of person duly elected enforced by mandamus — subsequent amendment to by-laws for purpose of excluding person elected — when application to corporation not prerequisite to petition for writ.

Where the by-laws of a membership corporation, created by special act, to inculcate ethical principles, etc., among those practicing chiropody, merely provided that a person must receive a majority vote of the members present in order to become an active member, a person receiving such vote is entitled to membership which will be enforced by a writ of mandamus, in spite of the fact that after the election the chairman of the meeting refused to declare the petitioner, a negro, duly elected and the by-laws were subsequently amended so as to make five blackballs sufficient to reject a candidate, which number had been duly received by the petitioner.

The attempt to reject the applicant by the subsequent amendment of the by-laws was a nullity and especially so where the by-laws provide that they shall not be altered or amended except by a three-fourths vote of all the active members present at an annual meeting.

The writ should not be denied upon the ground that the application therefor is premature on the theory that the petitioner should first have made application to the society itself to review the action of the New York county division which had elected the petitioner, there being nothing in the by-laws to require such application.

APPEAL by the relator, John R. Hillery, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on

the 17th day of June, 1919, denying the relator's motion for a writ of mandamus peremptory or alternative.

*Wilford H. Smith,* for the appellant.

*John G. Dyer,* for the respondent.

PHILBIN, J.:

The petitioner, a negro, asks that a mandamus be issued directing the respondent society to admit him to membership and to extend to him all the rights and privileges of an active member therein.

The petition sets forth the following facts: The respondent is a membership corporation created by a special act of the Legislature of this State. The objects of the society, as stated in its by-laws, are to elevate the standard, improve and regulate the practice of chiropody within this State, inculcate among its members such ethical principles as will improve their standing in the community, and foster such research and study of the various sciences connected with the practice of chiropody as will tend to the improvement of its members in the science of chiropody and benefit the public. The society is not a social organization. It is provided in the by-laws that the applicant for membership must receive a majority vote of the members present in order to become an active member. The petitioner on February 3, 1919, duly presented his application for membership in the manner prescribed by the by-laws. On February 11, 1919, the application was acted upon at a meeting of the society. There were forty-three members present. The vote on petitioner's application resulted in thirty-eight ballots in favor of his admission and five against. The chairman of the meeting, however, refused to declare petitioner elected, but referred the matter of his election to the executive board for decision. The minutes of the meeting are made part of the petition herein. It appears thereby that four persons, not including petitioner, were elected to membership. It is then recited that a lengthy discussion regarding the admission to membership of nine colored chiropodists occupied most of the evening, and that after a ballot was taken the chair announced its inability to decide in accordance with the by-laws and referred the matter to the executive board. The board, at a meeting subsequently held, recommended that

the ballot on petitioner's application be taken over at the next meeting and also recommended that " hereafter five black balls will reject a candidate for membership." The society at a meeting held on March 11, 1919, adopted the recommendation of the board and declared that five black balls were sufficient to reject petitioner's application regardless of the number of ballots cast. The society then rejected petitioner's application and refused him membership. At the meeting of February 11, 1919, of the thirteen candidates eight were negroes and five were white. The latter were admitted. All of the above facts are set forth in the petition. The petitioner charges that he was refused membership because of his race and color.

The return admits substantially the facts alleged and states as to paragraphs not admitted that they are " erroneous." In what respect they are erroneous does not appear except as to averments concerning membership. The chairman of the New York county division of the respondent filed the affidavit in answer to the petition. There is no denial that the by-laws in operation on February 11, 1919, provided for an election by a majority. The affiant quotes from section 2 of article 3 of the by-laws as follows: " Active members shall consist of such podiatrists who are duly elected as hereinafter provided in Article XII." Reference is then made to the exhibit attached to the affidavit and which contains excerpts from the by-laws. There is nothing contained therein showing how many votes are required to elect an active member, although affiant says that the claim of petitioner that the applicant must receive a majority vote is erroneous in that it is a statement of a by-law not then existing. The affiant admits that an election was held on February 11, 1919, and it further appears from the affidavit that more than a majority of the ballots cast were in favor of petitioner's election. It is then alleged that when the box was presented to him, affiant could not determine immediately whether or not petitioner was entitled to be declared elected because of the vote. He consulted article V of the by-laws and Cushing's Manual and could find nothing in the latter. He then withheld his decision and said he would consult the advisory council and announce his decision at the next meeting. The affidavit asserts that

no discrimination was made against the petitioner because of his race or color.

It clearly appears upon the admitted facts that at the meeting of February 11, 1919, the petitioner received a majority of the votes cast and was duly elected and is entitled to membership in the respondent society. The alleged attempted amendment of the by-laws, so as to provide for a rejection of an application by five adverse votes, was a nullity. It is expressly provided in article XVI of the by-laws that they shall not be altered or amended except by a three-fourths vote of all the active members present at the annual meeting.

The point made by respondent that the application for a mandamus is premature because petitioner should have first made an application to the society to review the action of the New York county division has no merit. There is nothing to show that the by-laws provided for any such relief to an applicant for membership.

The order should be reversed, with ten dollars costs and disbursements, and the petition for a writ of peremptory mandamus granted, with fifty dollars costs.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion for writ of peremptory mandamus granted, with fifty dollars costs.