DAVID SIMONS, Respondent, *v.* GEORGE L. BERRY, as President of the INTERNATIONAL PRINTING PRESSMEN'S AND ASSISTANTS' UNION OF NORTH AMERICA, an Unincorporated Association of Seven or More Members, Appellant.

First Department, July 2, 1924.

Labor unions — action to compel labor union to accept plaintiff as member — plaintiff was member of local union when charter was revoked and agreement entered into that plaintiff would apply for membership in international union — plaintiff's application was rejected — defendant will not be compelled to accept plaintiff as member.

The defendant, an international labor union, will not be compelled to accept the plaintiff as a member, where it appears that the charter of a local union of which he was a member was revoked and an agreement entered into providing that the plaintiff would apply for membership in the international union and that he did apply for membership and his application was rejected.

The courts do not have power to compel a membership corporation or a voluntary association to accept an applicant as a member.

APPEAL by the defendant, George L. Berry, as president, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of May, 1924, granting an injunction *pendente lite* restraining defendant association, its members, agents and employees, from stating that the plaintiff is not a member of the defendant union in good standing, and enjoining defendant from interfering with him in any employment he may obtain as a pressman, and from calling out any member of said association from any place in which the plaintiff may be employed, because of plaintiff's employment therein.

*House, Grossman & Vorhaus* [*Leo J. Rosett* of counsel; *Joseph Fischer* with him on the brief], for the appellant.

*A. Spencer Feld*, for the respondent.

McAvoy, J.:

The constitution of defendant association and its laws vest power in that body to charter subordinate unions. The board of directors has power under the association's fundamental law to suspend or revoke the charter of a subordinate union for violation of the laws of the International Union. There is a membership at large provided for in sections inaccessible to chartered subordinate unions.

The plaintiff on the 17th day of September, 1923, was a member of Web Printing Pressmen's Union, Local No. 25, which was a subordinate union chartered by the International Union. On the 18th day of September, 1923, the charter of this local union was revoked for violation of the laws of the International Union. Thereafter on October 4, 1923, an agreement was made in writing between the International Union and the officers of the former local, to which the plaintiff was a party, providing for winding up the affairs of the local union; and under this agreement all of the property of the subordinate body was turned over to the International Union. The plaintiff now here covenanted under that agreement that he would make application for membership in the International Union, in this paragraph: " The undersigned, David Simons, agrees to apply for membership to the International Union and to appear before its board of directors at its next meeting  *  *  *."

Said agreement contained the following further provision: " In view of our freely and voluntarily turning over to you the property above-mentioned, we request you to take up the cards of all former members of the local union, with the exception of the card of David Simons, and to issue to said former members, except David Simons, International Union cards upon proper and formal application in the form you require, by each of such former member, for admission to the International Union."

The plaintiff thereafter made a written application for membership in the International Union, and that application contained this statement: " I, David Simons, hereby make application for membership as a web pressman to your organization.  *  *  * Have previously been member of Web Pressman's Union No. 25. Was member of No. 25. Discontinued membership for revoking charter by Pres. G. L. Berry." ·

The board of directors of the defendant union was the authority

which was empowered to act upon this application. Pending a meeting of the board, plaintiff applied for a mandamus order to compel the directors of the defendant union to issue to him a membership card. The court, however, directed that the International Union's board take up for consideration and act upon the plaintiff's application for membership. At a meeting of the board subsequently convened the plaintiff and his attorney attended, and a hearing was had upon his application for membership in compliance with the judicial direction. Thereafter on January 3, 1924, plaintiff's application for membership was rejected.

An action was then commenced to compel the International Union to admit plaintiff to membership. The complaint in that action was dismissed upon the ground that the court cannot compel a voluntary unincorporated association to admit the plaintiff to membership, and that the plaintiff had a remedy within the organization itself, which he must exhaust before the courts would extend relief.

The complaint in this action, commenced after the dismissal referred to, does not refer to his application for membership, but alleges that plaintiff was a member of the defendant union; that he was requested to attend a meeting of its board of directors; that no written charges were presented, and that he was notified that his application for reinstatement as a member of the union was rejected.

The proof on this motion is that plaintiff's membership was not in the International Union, but was in the local union; and that the application, which he was notified had been rejected, was not for reinstatement in any union, local or international, but was for membership in the International Union.

There is no rule of law anywhere which gives power to a court to compel a membership corporation or a voluntary association to accept an applicant as a member of such bodies, and there is no doubt that defendant was within its legal rights in rejecting plaintiff's application for membership.

It is uncontested here that plaintiff was a member of Local Union No. 25; that the charter of the union was revoked for violation of the law of the International Union; that thereby the plaintiff lost his membership; that he himself was a party to the agreement of October 4, 1923, which made provision for the winding up of the affairs of the local union, requested the issuance of International Union cards to former members of the local union, with the exception of the plaintiff, and that the plaintiff thereby agreed to apply for membership to the International Union; that he did apply for membership, stating in his application that

his membership had been discontinued by revocation of the charter of the local union; and that his application was rejected.

There was under this proof no instance of an unlawful expulsion. Plaintiff's membership was, under his own admission, in the local union. The charter of that union has been revoked. The question of legality of that action is not raised here. Plaintiff acquiesced in such revocation by joining in the agreement of October 4, 1923.

The application cannot be considered as one for reinstatement, but must be regarded as one for membership. Plaintiff's status before the court is that of a new applicant seeking to compel the defendant union to admit him. Whether to grant or refuse membership in a voluntary association is a matter under complete control of the organization itself, and the ruling is not subject to review by the courts.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, MERRELL and FINCH, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.