DAVID SIMONS, Respondent, *v.* GEORGE L. BERRY, as President of the INTERNATIONAL PRINTING PRESSMEN'S AND ASSISTANTS' UNION OF NORTH AMERICA, an Unincorporated Association of Seven or More Members, Appellant.

First Department, February 6, 1925.

**Labor unions — action to set aside expulsion of member or for reinstatement — sufficiency of complaint — complaint is too indefinite to determine which theory plaintiff is proceeding under — no allegations of expulsion or that plaintiff has exhausted remedies within union — court is without power to compel reinstatement — complaint is insufficient.**

The complaint in an action by a member of a labor union is too indefinite to determine whether the plaintiff seeks to have an alleged expulsion set aside

or whether he seeks to be reinstated, and it is insufficient to constitute a cause of action on either theory, since there is no allegation of expulsion or that the plaintiff has exhausted his remedies within the union, and since the court is without power to compel reinstatement if that is the theory on which the plaintiff is proceeding.

Appeal by the defendant, George L. Berry, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of April, 1924, denying defendant's motion to dismiss the complaint made under subdivision 5 of rule 106 of the Rules of Civil Practice, on the ground that the complaint does not state facts sufficient to constitute a cause of action.

*House, Grossman & Vorhaus* [*Leo J. Rosett* of counsel; *Joseph Fischer* with him on the brief], for the appellant.

*A. Spencer Feld,* for the respondent.

Dowling, J.:

This action is brought by plaintiff as a member of a voluntary unincorporated association of seven or more members. The judgment demanded is that " plaintiff is a member of the defendant union in good standing and that such attempted expulsion is wholly ineffective and void; that said union be required to issue and deliver to plaintiff its usual card of membership; that defendants be enjoined from representing to any member or other person that plaintiff is not a member of said union and in good standing, and from calling out any member of said union from any newspaper printing establishment in which plaintiff may be employed; " and for the damages he may have sustained up to the time of the trial of the defendant.

The complaint is so vague and indefinite that it is quite impossible to determine whether the action is brought to set aside an expulsion of plaintiff from the union, or to compel his acceptance as a member upon an application for reinstatement.

The following paragraphs of the complaint seem to hint that plaintiff was expelled from membership:

" *Fourth.* That the constitution and by-laws of said union provides, among other things, the manner in which charges may be brought against members and the hearing and disposition thereof; that such provisions require that all charges against a member shall be made in writing and a copy thereof served upon the member; that such charges shall be filed with the president who shall thereupon appoint a committee to examine the charges; that the members shall have due notice of hearing thereof and shall have

45

the right and opportunity to appear by counsel and in person and be heard in defense thereof; that since about the year 1893, plaintiff has been a member of said union and has during all such time complied in all respects with the constitution and by-laws and regulations thereof.

" *Fifth.* That no written charges against plaintiff have ever been made or filed with the president of the union, or a copy given to plaintiff.

" *Sixth.* That on or about the 5th day of December, 1923, plaintiff received from said president of said union a notification that a meeting of the Board of Directors would be held on the 6th day of December, 1923, and that he was requested to be present. That at this meeting no written charges against plaintiff were filed with the president of the union or a copy given to plaintiff. · * * *

" *Eighth.* That since said time [the date mentioned in paragraph Seventh: *i. e.,* January 3rd, 1924] every member of said union has been directed by the defendant officials not to and have refused to work with plaintiff on the ground that he was no longer a union pressman; that for that reason plaintiff was forced to resign from employment by the ' Brooklyn Times ' who had regularly employed him and that plaintiff has been unable to secure other employment; that defendants threaten and will continue to direct members of said union to refuse to work with plaintiff and plaintiff will continue to be deprived of his chance of obtaining employment at his calling as a pressman; that plaintiff's expulsion from said union as heretofore caused plaintiff damage in the sum of at least $2000 (Two thousand dollars), and will continue to cause him great and irreparable damage; that upon information and belief, the defendants are wholly irresponsible; that a judgment for damages against them cannot be collected; that plaintiff's injury is and will be continuous and that he has no adequate remedy at law."

On the other hand, the complaint alleges:

" *Seventh.* . That thereafter and on the 3rd day of January, 1924, plaintiff received a notification from said president of the union that his application for reinstatement as a member of the union was rejected."

Thus, viewed from one angle, the plaintiff seems to complain of an expulsion; but curiously enough, whether by accident or purpose, he nowhere alleges that he was in fact expelled, that any resolution of expulsion was ever passed, that any attempted trial or other proceeding against him was had, or that any action was ever taken forfeiting, annulling or declaring at an end his membership in the union. How he lost his membership nowhere appears, though it apparently must have been in a lawful way,

since he made an application for reinstatement. But in any event, no facts are alleged sufficient to show that he was ever expelled, either lawfully or unlawfully. Nor is there any allegation that he has exhausted his remedies to redress his wrongs within the union itself in the manner provided by its constitution or by-laws. (See *Loubat* v. *Le Roy,* 40 Hun, 546; *Johansen* v. *Blume,* 53 App. Div. 526; *Shirtcliffe* v. *Wall,* 68 id. 375; *Lafond* v. *Deems,* 81 N. Y. 507.)

Viewed as an action to compel the union to reinstate plaintiff as a member, the court is without power to compel a voluntary unincorporated association to either admit or reinstate an applicant for membership. That power rests exclusively in such association. As was said in *White* v. *Brownell* (2 Daly, 329, 358): " In an unincorporated voluntary association, like the one now under consideration, the privilege of membership is not given by statute or derived through prescription, as in a corporation, but is created by and conferred by the organization itself. It is not a franchise — a franchise being a particular privilege vested in individuals, which is conferred by a grant from a sovereign or government (Finch's Law, 164; 3 Kent's Com. 458); while, on the contrary, the privilege of membership in a voluntary association is derived exclusively from the body that bestows it, and may be conferred or withheld at its pleasure. The law cannot compel such an organization to admit an individual to membership, as may be done in the case of a corporation, nor can it interfere to restore a member who has been deprived of the privilege for not complying with the conditions upon which the enjoyment of it was made to depend."

This case was cited with approval in *Matter of Weidenfeld* v. *Keppler* (84 App. Div. 235; affd., on opinion below, 176 N. Y. 562). (See, also, opinion of Mr. Justice McAvoy reversing the injunction *pendente lite* granted in this action, 210 App. Div. 90.)

The order appealed from will, therefore, be reversed, with ten dollars costs and disbursements to the appellant, and the motion granted, with ten dollars costs.

CLARKE, P. J., FINCH, MARTIN and BURR, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.