In the Matter of the Application of CLARENCE D. MILLER, Petitioner, against JAMES R. RUEHL, as President, TRUCK DRIVER'S LOCAL UNION No. 449 OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, STABLEMEN AND HELPERS OF AMERICA, Respondent.

Supreme Court, Erie County, February 25, 1938.

*Alexander Taylor*, for the petitioner.

*Daniel B. Shortal*, for the respondent.

HARRIS, J. The allegations of the petition may be summarized as follows: That the petitioner is a resident of Niagara county, N. Y., and the owner of an automobile truck with which he obtains hauling employment, and the respondent local union is an association of more than seven members maintaining its office for the transaction of business at Buffalo, Erie county, N. Y. The constitution of the respondent local union provides that " any man owning or operating but one team or automobile is entitled to membership." He has applied for membership in the respondent local union and has tendered the fees required by said union in connection with such application, but the union has refused to admit him to membership. The petitioner alleges that such refusal is arbitrary and unreasonable, and has resulted and will result in his being deprived of employment on the ground that he is not a member of the respondent local union and because no one may be employed as a driver of a truck or owner of a truck for hauling or delivery purposes unless such person is a member of such respondent local union.

The answer of the respondent local union, in substance, alleges as follows: That the petitioner did apply for membership in the union and was rejected, but denies that the trucking employment in the vicinity is open only to members of such union. The respondent further contends that, being a voluntary association, it is entitled to control, without outside interference of any sort, admission of members to such union.

From the statements of the petition, the petitioner's other affidavits and from the answering affidavits of the respondent, it can be seen that there is raised a question of fact as to whether or not the respondent union controls the employment of truckmen in the vicinity and as to whether or not the refusal to receive the petitioner into membership is arbitrary and unreasonable. These questions of fact should be tried unless it can be said as a matter of law that the respondent local union has a right to reject from membership any one it desires. Thence it becomes necessary to decide whether such a rule of law exists.

The public press and the law reports provide much discussion of the question of union membership and employment of those affiliated with unions. There are many cases in the law reports where the courts have ordered the reinstatement to membership in unions of those who have been improperly removed from membership. Recent statutes enacted by legislative bodies, endeavoring to provide for labor an implement that would permit labor to wage on equal terms a fight for the enforcement of the rights of labor as against those of capital, have been enacted so as to make provision allowing employees of specific industries to choose labor unions as their representatives in bargaining with employers. This legislation has led to efforts of large aggregations of labor unions to secure control of employment in certain industries, and there have been tremendous campaigns conducted for the inclusion of persons in one set of unions or another. So to the ordinary man it may appear somewhat odd that a person who apparently is qualified under the rules of the union to become a member is rejected by the union solely on the ground that the union does not care to have him as a member. No provision of statute has been enacted to require a union to take into its membership any person who petitions for membership if such union does not desire that person as a member. But the petitioner contends that the legislation recently enacted must necessarily carry with it as a corollary rule of law the right of a laboring man to be admitted to membership in a union of his choosing.

Before these recent efforts to unionize industry had governmental sanction in the manner in which such sanction is expressed today, there had been efforts made on the part of individuals to force themselves into membership of unions, and the courts have held in such cases that a union could not be compelled to accept an application for membership unless the union so desired. The basis of such holding has been that if the union which was a voluntary association organized for the good of those taken into membership and for those in industry who would be eligible to membership

could be compelled to accept members, the persons whose interests were inimical to the union and its purposes, could force themselves into membership in the union and from within destroy the union, and thus stultify the purposes for which the union was organized. (*Simons* v. *Berry*, 210 App. Div. 90; 211 id. 704; revd., 240 N. Y. 463; *Greenwood* v. *Building Trades Council of Sacramento*, 71 Cal. App. 159; 233 P. 823; *Harris* v. *Thomas*, [Tex. Civ. App.] 217 S. W. 1068; *Mayer* v. *Journeymen Stonecutters' Assn.*, 47 N. J. Eq. 519; 20 A. 492.)

As the Legislature has not enacted a specific statute compelling unions to accept members, this court is of the opinion that a labor union which is a voluntary association still has the right to reject applicants for membership at will. In view of this holding, one might ask what is to become of the applicant if he is true in his statement of fact that he will be unable to obtain employment at his chosen vocation because he is not a member of the union. This is a question involving public policy, and must be answered by the Legislature. In enacting legislation to strengthen the cause of labor through unions, the Legislature has not made provision to compel unions to accept members. Its failure to do so must be accepted as the present expression of public policy and, therefore, an indorsement of the view expressed in the cases above cited that an applicant for membership cannot force his way into the union against the negative vote of the union. This court being of the opinion that the question of law herein should be resolved in favor of the respondent, the petition is dismissed.