ARMAND ACIERNO and Others, Plaintiffs, *v.* NORTH SHORE BUS Co., INC., and THE CITY OF NEW YORK, Defendants, ARTHUR H. COLE, Individually and as a Representative of the 152 Members of Local Division 1029, Amalgamated Association of Street, Electric Railway and Motor Coach Employees of America, a Voluntary Association of More than Seven Members, and as President of Said Local Division 1029, and AMALGAMATED ASSOCIATION OF STREET, ELECTRIC RAILWAY AND MOTOR COACH EMPLOYEES OF AMERICA, WILLIAM D. MAHON, as President, and CHARLES H. CLARK, as International Vice-President of the Amalgamated Association of Street, Electric Railway and Motor Coach Employees of America, a Voluntary Association of More than Seven Members, Interpleaded Defendants.

Supreme Court, Special Term, Kings County, November 18, 1939.

*Esquirol & Esquirol* [*Joseph A., Esquirol* of counsel], for the plaintiffs.

*Jacob I. Goodstein* [*I. Zamore* of counsel], for the defendant North Shore Bus Co., Inc.

*William C. Chanler, Corporation Counsel* [*Herman Horowitz* of counsel], for the defendant City of New York.

*Leonard Lazarus,* for the interpleaded defendants Arthur H. Cole and Local Division No. 1029.

*Charlton Ogburn* [*Arthur E. Reyman* of counsel], for the interpleaded defendants Amalgamated Association of Street, Electric Railway and Motor Coach Employees of America, William D. Mahon and Charles H. Clark.

SMITH, J.   Plaintiffs claim that they are entitled to injunctive relief in their capacity as third party beneficiaries under certain provisions of a franchise agreement between beneficiaries under certain provisions of a franchise agreement between the North Shore Bus Co., Inc., and the City of New York.   They rely on section 39 of the contract, which provides: " The Company hereby agrees that it will, consistent with the efficient operation of its omnibuses, hire employees of the Companies which formerly operated the routes herein granted."

It appears that the plaintiffs were formerly employed by the Bee Line, Inc., which became involved in labor disputes resulting in a strike.   Its franchise was subsequently taken over by the North Shore Bus Co., Inc.   The latter has a " closed shop " contract with Local Division 1056 (which merged with Local 1029) of the Amalgamated Association of Street, Electric Railway and Motor Coach

Employees of America, an affiliate of the American Federation of Labor. The Amalgamated Association has refused membership to the plaintiffs, who are said to have been strikebreakers, and it is asserted that if these men do become employees of the North Shore Bus Co., Inc., it would be in violation of the contract between that company and its employees, and the latter would quit work; that, therefore, " it would not be consistent with the efficient operation of the buses of the company to hire these strikebreakers who formerly worked on the jobs of the strikebreakers of the Bee Line, Inc." There is testimony to such effect. Moreover, to grant the relief herein sought by plaintiffs would be tantamount to a decree that Local 1056, which is composed of the employees of the North Shore Bus Co., Inc., shall permit non-union men to be employed, notwithstanding the " closed shop " contract. Under the present state of the law, the court cannot compel a union to accept any one for membership, irrespective of the cause for refusal and even though such refusal may be arbitrary. (*Matter of Miller* v. *Ruehl*, 166 Misc. 479; *Murphy* v. *Higgins*, 12 N. Y. Sup . [2d] 913.)

Apart from the foregoing, however, plaintiffs may not be regarded as third party beneficiaries under section 39 of the contract in question. As stated in *Simson* v. *Brown* (68 N. Y. 355, 361): " It is not every promise made by one to another, from the performance of which a benefit may ensue to a third, which gives a right of action to such third person * * *. The contract must be made for his benefit as its object, and he must be the party intended to be benefited." Such a beneficial intent must be clearly found in the agreement. (*Beveridge* v. *New York El. R. R. Co.*, 112 N. Y. 1, 26.) The evidence here fails to establish any such intention. Indeed, the agreement as a whole would seem to negative an intention that the plaintiffs should have the right to sue upon it, particularly under the circumstances here disclosed, the dominant purpose of the contract having been to protect the interest of the city rather than to create any cause of action in plaintiffs' favor. (*Fosmire* v. *National Surety Co.*, 229 N. Y. 44, 48.)

Accordingly, defendants are entitled to judgment dismissing the complaint.