MICHAEL T. CLARK et al., Appellants, v. JOSEPH CURTIS, as President of Newspaper and Mail Deliverers' Union of New York and Vicinity, an Unincorporated Association, et al., Respondents.— In this action to compel the defendant union, *inter alia,* to accept plaintiffs as members or for an injunction to restrain the enforcement of a closed shop agreement, order granting defendants' motions to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action, reversed on the law, with $10 costs and disbursements, and the motions denied, with $10 costs, with leave to defendants to answer within ten days from the entry of the order hereon. In our opinion, the complaint contains sufficient allegations to the effect that the defendant union was designated or selected as the exclusive representative of all the employees of the employer, including the plaintiffs, for the purpose of collective bargaining (Labor Law, § 705, subd. 1) in entering into a closed shop agreement with the employer. Hagarty, Johnston and Sneed, JJ., concur; Carswell, J., dissents and votes to affirm on the ground that the complaint does not state a cause of action, with the following memorandum, in which Lewis, P. J., concurs: The complaint does not allege that the defendant union was designated or selected at an election conducted pursuant to subdivision 1 of section 705 of the Labor Law; hence the defendant union is not alleged to be a "statutory representative" chosen by that method. There is an allegation that the defendant union was "the representative designated or selected for the purpose of collective bargaining by the majority of the employees" of the defendant employer. But this allegation is nullified by the allegations which quote the provisions of the contract upon which it is based. When there is a variance, these contract provisions, under settled authority, take precedence over the conclusory allegation just quoted, which is thus left without factual support. (*Kucker* v. *Gates Container Corp.,* 263 App. Div. 1006, affd. 289 N. Y. 664; *Pletman* v. *Goldsoll,* 264 App. Div. 393); hence on this phase the defendant union is not alleged to be a "statutory representative" under the Labor Law section (§ 705, subd. 1). The contract provisions as alleged conclusively establish that the defendant union only acted and was empowered to act only for its members under the closed shop contract with the defendant employer. There is no factual allegation of common-law agency or any allegation of fact that the defendant union was employed or authorized by plaintiffs to act for or on their behalf and that it assented to act on their behalf in its dealings

with the defendant employer. A juridical relationship may not be thrust upon parties, in the absence of fraud or the like, express or implied. (*Cameron* v. *Seaman,* 69 N. Y. 396; *Thorne* v. *Deas,* 4 Johns. 84; *Jenkins* v. *Bishop,* 136 App. Div. 104, affd. 207 N. Y. 697; 2 C. J., Agency, § 27.) Nor are there any allegations of fact from which an intention may be inferred on the part of the defendant union to act on behalf of the plaintiffs. The defendant union may not be required to admit the plaintiffs to membership, or to waive the closed shop agreement with the defendant employer. Membership in an unincorporated trade union may be accorded or withheld, in the absence of statute, at its pleasure. (*Mayer* v. *Journeymen Stonecutters' Association,* 47 N. J. Eq. 519; *Simons* v. *Berry,* 211 App. Div. 704, revd. on a factual ground 240 N. Y. 463; *Matter of Miller* v. *Ruehl,* 166 Misc. 479; 63 C. J., Trade Unions, § 44.) It is not alleged that the union denied membership on any grounds specified in section 43 of the Civil Rights Law. The closed shop agreement is valid. (*Williams* v. *Quill,* 277 N. Y. 1; *Jacobs* v. *Cohen,* 183 N. Y. 207.) [See *post,* p. 816.]