Louis Colson, Plaintiff, *v.* Herman Gelber et al., Defendants.

Supreme Court, Special Term, New York County, July 14, 1948.

*Harry Sacher* and *Samuel M. Sacher* for defendants.

*Enzo Gaspari* for plaintiff.

BOTEIN, J.   The gravamen of plaintiff's complaint against an officer and unnamed employees of a labor union is a combination of fraud and conspiracy which, it is alleged, resulted in the union's failure to act upon plaintiff's application for membership and plaintiff's being deprived of union membership.

In the absence of the allegation of *facts* showing that plaintiff had the necessary qualifications for membership and would have been admitted to membership but for the acts of fraud and conspiracy the complaint is insufficient.   Membership in a labor union, despite its economic importance (*Dusing* v. *Nuzzo,* 177 Misc. 35) is still regarded as a privilege which may be granted or withheld by a union (*Simons* v. *Berry,* 210 App. Div. 90; *Murphy* v. *Higgins,* 12 N. Y. S. 2d 913, affd. 260 App. Div. 854; *Acierno* v. *North Shore Bus Co.,* 173 Misc. 79 ; *Matter of Miller* v. *Ruehl,* 166 Misc. 479 ; *Shein* v. *Rose,* 12 N. Y. S. 2d 87). It follows that no cause of action is stated for obstructing membership in a union without allegation of facts which show that, but for the wrongful acts of defendants, plaintiff would have been admitted to membership.

The complaint is dismissed, with leave to plaintiff to serve a second amended complaint within twenty days after service of a copy of the order entered hereon, with notice of entry.