WILLIAM FEINNE, Plaintiff, *v.* JOSEPH MONAHAN, as President of Enterprise Steamfitters Association Local No. 638, Defendant.

Supreme Court, Special Term, New York County, October 17, 1949.

*Samuel J. Ernstoff* for defendant.

*Louis N. Field* for plaintiff.

HOFSTADTER, J. The plaintiff, a steamfitter by trade for many years, complains of his arbitrary exclusion from membership in the defendant union and his resultant inability to obtain employment at his trade in the city or vicinity, due to the union's control of employment and the unavailability of positions to those not members in good standing of the defendant union. He repeatedly requested the defendant to let him work if it would not admit him to membership, but the union arbitrarily denied each such application. This is the gist of his complaint and he asks for equitable relief by way of injunction against enforcement of the defendant's refusal to allow the plaintiff to work and against interference with his employment.

The defendant by answer pleaded affirmatively that the complaint fails to state a cause of action. The plaintiff moved to strike this defense for insufficiency and the defendant countered with a motion to dismiss the complaint for failure to state a cause of action. Thus, both motions now before me test the sufficiency of the complaint.

Membership in a labor union is a privilege which the law in this State permits a union to deny, however worthy the applicant and unfortunate his economic plight because of his exclusion. There is no charge here that the denial of membership was

brought about by unlawful conduct or that the union resorted to coercion or other improper means to deprive the plaintiff of employment. In final analysis the sole grievance is the refusal to admit the plaintiff to membership. The law does not regard such refusal as actionable. (*Simons* v. *Berry,* 210 App. Div. 90; *Colson* v. *Gelber,* 192 Misc. 520; *Acierno* v. *North Shore Bus Co.,* 173 Misc. 79; *Matter of Miller* v. *Ruehl,* 166 Misc. 479.)

Since the preparation of the foregoing I have received letters from the attorneys for both parties from which I assume their agreement with the views expressed, for they request the disposition of the motion in accordance with these views. The motion to dismiss the complaint is granted with leave to serve an amended complaint within thirty days after service of a copy of this order with notice of entry.