In an action to restrain a labor union and an employer from discriminating against plaintiff employees because of their non-membership in the union and to direct defendant union either to admit plaintiffs to membership therein or to waive a union shop agreement with defendant employer, defendants appeal from a judgment in favor of the plaintiffs, entered after trial. Judgment reversed on the law, with costs, and the complaint dismissed on the law, with costs. The findings of fact are affirmed. Plaintiffs, employees of defendant News Syndicate Co., Inc., are not members of defendant union, and have been refused admission thereto, despite their conceded willingness to join and pay the required initiation fee and the customary dues. The union is a closed union and, in effect, admits only sons of members meeting certain requirements, within which class plaintiffs are not included. The theory of the complaint is that under such circumstances defendant union, the statutory exclusive bargaining representative of all the employees of the defendant employer, breached the common-law duty of agent to principal by entering into a contract with the employer providing for a union shop. It is clear, however, from the complaint, the prayer for relief and the testimony at the trial, that plaintiffs’ basic grievance arises from discrimination against them, actual and threatened, in favor of union members. In our opinion, the controversy involves unfair labor practices within the purview of the Labor Manage ment Relations Act, 1947 (U. S. Code, tit. 29, § 158, subd. [a], par. [3]; subd. [b], par. [2] ) and exclusive jurisdiction thereof is vested in the National Labor Relations Board. (Cf. Amazon Cotton Mül Co. v. Textile Workers Union, 167 F. 2d 183; California Assn. v. Building & Constr. Trades Council, 178 F. 2d 175; U. S. Code, tit. 29, § 160, subd. [a].) The case of Clark-v. Curtis *1001 (273 App. Div. 797, affd. 297 N. T. 1014) does not require a contrary holding. That case concerned the sufficiency of the complaint and was instituted prior to the passage of the Labor Management Relations Act, 1947. Unlike the case at bar, there was no showing that the employer was engaged in interstate commerce, and it does not appear that the question of the exclusive jurisdiction of the National Labor Relations Board, under the cited statute, was raised or could have been raised therein. Nolan, P. J., Carswell, Adel, Sneed and Wenzel, JJ., concur. [198 Misc. -.]