GERARDO AMOROSI et al., Copartners Doing Business under the Name of GERARDO AMOROSI & Co., Plaintiffs, *v.* EDWARD SAGER, Individually and as President of the American Federation of Labor Building Trades Council of Newburgh, New York, Defendant.

Supreme Court, Orange County, June 2, 1951.

*Irving A. Green* for plaintiffs.

*Hyman N. Glickstein, Daniel W. Meyer* and *Francis Martocci* for defendant.

SCHMIDT, J. The plaintiffs are nonunion builders and on their affidavit and affidavits of all of their employees and affidavits of self employed subcontractors have moved for a temporary injunction restraining picketing by the defendant and members of his organization. The defendant moved to dismiss the complaint on the ground among others that it fails to comply with section 876-a of the Civil Practice Act. None of the pickets is an employee of the plaintiffs and plaintiffs' employees by affidavit state that they are satisfied to remain nonunion.

No election has been conducted by the State Labor Relations Board, nor has any been requested to determine whether the plaintiffs' employees wish to be represented by any union or to have no union at all. The employees' affidavits do not have the same force as a secret election conducted under the statute.

The picketing has been peaceful and the signs carried by the pickets do not seem to have been false or misleading as these terms are interpreted by numerous cases. The plaintiffs state that they are perfectly willing to have their employees join the union and have done nothing to dissuade or influence them and stand ready to bargain with any union selected by their employees. They claim that so long as their employees wish to remain nonunion they cannot legally meet the demands of the defendant for a union shop.

Assuming all these facts to be true a labor dispute exists as such is defined in article 51 of the Civil Practice Act. The complaint does not show compliance with the requirements of the article and must therefore be dismissed. The plaintiffs' motion is therefore denied and the defendant's motion granted. (*Exchange Bakery & Restaurant* v. *Rifkin*, 245 N. Y. 260; *Clark* v. *Curtin*, 297 N. Y. 1014, affg. 273 App. Div. 797; *Wilson* v. *Hacker*, 200 Misc. 124; *Stein's Wines & Liquor* v. *O'Grady*, 75 N. Y. S. 2d 627.)