Benjamin Brenner, J.
This proceeding is brought under article 78 of the Civil Practice Act to compel the respondent membership corporation to “restore the petitioners to their full rights as regular members.” The respondent, without, serving an answer to the petition, cross-moves under section 1293 *845 of the Civil Practice Act for an order dismissing the petition as a matter of law upon the ground that it fails to state facts sufficient to constitute a cause of action and upon the further ground that the application is barred as not made within the time specified by section 1286 of the Civil Practice Act.
In the inartistically drawn petition the following allegations of fact are educed: that the respondent is a membership corporation having as its object to teach, promulgate and advance civic and commercial achievements; that the petitioners made application for membership therein and were issued membership cards on April 20, 1959, the cards being signed by the president and treasurer of the respondent; that thereafter the petitioners received a notice to appear before the membership committee on May 27, 1959; that they appeared before the committee and challenged its right to consider the applications since membership cards had already been issued to them; that other than the above notice they received no communications, charges or specifications of charges from the respondent; that they requested that they be furnished a copy of the by-laws of the respondent but that said request was denied; that upon information and belief they did not commit any of the offenses specified in the by-laws as grounds for expulsion from membership; that on May 29, 1959, the petitioners were notified by mail that the membership committee had decided not to accept them as members ; that by reason thereof the petitioners have suffered loss and injury.
By virtue of its motion for the dismissal of the petition as a matter of law, the respondent, for the purposes of this motion, admitted the truth of all the factual allegations and every favorable inference which might reasonably be drawn therefrom (Matter of Schwab v. McElligott, 282 N. Y. 182; Matter of Heines v. State Bd. of Parole, 293 N. Y. 254, 258). However, the rule of favorable inference cannot operate to supply a missing element essential for a legally sufficient pleading (Kelman v. Wilen, 283 App. Div. 1113) and the court should not be asked to infer what the pleader fails or is reluctant to assert, even to the extent of failing to so plead on information and belief (Goldberg v. Colonial Life Ins. Co. of America, 129 N. Y. S. 2d 637).
The petition contains no allegations that the petitioners were members of the respondent organization. This is a critical oversight in the proceeding before me and may not be inferred from the facts alleged because the very nature of the relief sought and the right to procure it depends on the fact of membership. If the purpose of the petitioners’ proceeding is to enforce rights *846 of membership in the respondent association, it is essentially necessary to show that these rights accrue to them by virtue of membership. The pleading is void of any allegation that the petitioners were elected or admitted to the membership of the association. The mere allegation of issuance of the membership cards by the officers of the membership corporation, without an allegation that such issuance constituted admission or election to membership either by virtue of the by-laws of the organization or by virtue of the practices of said organization, is an insufficient factual allegation that the petitioners were members of the organization. On the other hand, if the purpose of this proceeding is to compel the respondent to admit the petitioners to membership “ There is no rule of law anywhere which gives power to a court to compel a membership corporation or a voluntary association to accept an applicant as a member of such bodies ” (Simons v. Berry, 210 App. Div. 90, 92).
In view of this finding, there is no need to reach any determination upon the objection that the application was not made within the time specified in section 1286 of .the Civil Practice Act.
Accordingly, the petition is insufficient as a matter of law and the motion to dismiss is thus granted with leave to the petitioners to replead, if they are so advised, within 20 days after the service of the order to be entered herein.
Settle order on notice.