HON. JAMES R. MURDOCK, JR., ESQ. Village Attorney, Ticonderoga
We acknowledge receipt of your letter inquiring as to the validity of a by-law of one of the fire companies in your village fire department. The by-law provides that upon an election of members, three negative votes or "black balls" defeat election to membership.
General inquiry reveals that a provision in the by-laws of a volunteer fire company similar to this is not unusual, particularly in the older fire companies throughout the state.
Village Law § 10-1006, subdivision 2, in relation to volunteer members of village fire companies; General City Law §16-a, subdivision 2, in relation to volunteer members of city volunteer fire companies; and Town Law § 176-b, subdivision 2, in relation to volunteer members of fire companies in a fire district created under Town Law Article 11: all provide that election of members shall be pursuant to the by-laws, if any, of the fire company and that in the absence of a by-law to the contrary, election shall be by a three-fourths vote of the members present and voting. Not-For-Profit Corporation Law § 1402, subdivision c, paragraph 3, concerning volunteer members of fire corporations in towns outside of villages and fire districts, provides that members be elected pursuant to the by-laws of the fire corporation.
It is stated in Simmons v. Berry, etc., 210 App. Div. 90 (1924): "There is no rule of law anywhere which gives power to a court to compel a membership corporation or a voluntary association to accept an applicant as a member of such bodies, and there is no doubt that defendant was within its legal rights in rejecting plaintiff's application for membership." See, also, Matter of Miller v. Ruehl, etc., 166 Misc. 479
(1938) and Matter of Borazani, et al. v. Brighton, etc., 20 Misc.2d 844
(1959).
An interesting decision is contained in Matter of Hillary v. The PedicSociety, etc., 189 App. Div. 766 (1919); the applicant for membership, a black man, received a majority vote but five votes were cast in opposition. The by-laws provided for election to membership by a majority vote but the meeting was adjourned without a declaration of his election. The by-laws were then amended to provide that five negative votes would prevent election. At the next meeting a new ballot was had, five negative votes were cast and the applicant was declared rejected. In a mandamus proceeding to compel the corporation to grant membership, on a claim that applicant's race was the cause of his rejection, the court did not criticize the black ball provision which had been inserted in the by-laws but determined that the refusal to grant membership was invalid as having been based solely upon racial prejudice. The court directed the corporation to recognize the applicant as a member.
It is apparent that the state statutes contemplate more than a simple majority vote to bestow membership in most volunteer fire companies. A provision going beyond the three-fourths vote provided in the statutes, and to the extent mentioned in your inquiry, would seem not to be reviewable by the courts except to the extent that it might violate the Equal Protection Clauses in the Fourteenth Amendment to the Constitution of the United States and in Article I, section 11 of the Constitution of the State of New York. However, since enactment of the above statutes and the enunciation of the case law on the subject, the legislature has seen fit to modify the proposition of complete freedom to control memberships, as a result of which there are in Village Law §10-1006, subdivision 17; General City Law § 16-a, subdivision 14; Town Law § 176-b, subdivision 15; and Not-For-Profit Corporation Law § 1402, subdivision i: provisions which make it an unlawful practice to exclude from or expel from membership in a voluntary fire company any person because of race, creed, color or national origin. Executive Law § 296, subdivision 9, paragraph a goes beyond this and states:
 "It shall be an unlawful discriminatory practice for any fire department or fire company therein, through any member or members thereof, officers, board of fire commissioners or other body or office having power of appointment of volunteer firemen, directly or indirectly, by ritualistic practice, constitutional or by-law prescription, by tacit agreement among its members, or otherwise, to deny to any individual membership in any volunteer fire department or fire company therein, or to expel or discriminate against any volunteer member of a fire department or fire company therein, because of race, creed, color or national origin of such individual."
In our opinion, by-law provisions for the admission of members of volunteer fire companies which provide that three negative votes or black balls will defeat election to membership appear to be valid but if they are used in a manner contrary to the anti-discrimination statutes of the state, or which even appear to be or establish a pattern which seems to be, discriminatory, such a by-law would be invalid. To this same effect we draw to your attention an informal opinion of the Attorney General reported in 1963 Op. Atty. Gen. 212, a copy of which we enclose for your convenience.
In our opinion, and although the above-quoted statutes do not apply to exclusion of women, such a by-law when used to exclude women members would be invalid as an improper discriminatory practice under the Constitutional provisions above cited. To this same effect, see our informal opinion reported in 1975 Op. Atty. Gen. 173, a copy of which we also enclose herewith.